HORATIO N. BRADLEY v. THE TITTABAWASSEE BOOM COMPANY (A CORPORATION).

82      9
151    209

*Booming companies—Deed—Reservation—Removal of logs from banks of stream—Trespass—Vested rights.*

1. How. Stat. § 2058, as amended by Act No. 142, Laws of 1885, which provides for the removal of logs which have drifted or floated upon any island in any of the waters or streams in this State, or upon the banks or shores of such waters, or lands adjacent thereto, has no application to a booming company which had secured such right of removal by contract prior to the passage of said statute.

2. A reservation in a deed executed by a boom company,—a considerable portion of whose business consisted in removing logs which had floated from the river on which it operated onto adjacent lands, and returning them to the river to be run to their place of destination,—of a free and unobstructed passage along the banks of said river, and across the land conveyed, for the employés of the grantor, with teams and men, in carrying on said business, is construed to give to the company the right to go upon said land with teams and men, and remove the saw-logs which had floated thereon, and place them in said river for the purpose of running them to their destination.

Error to Midland. (Hart, J.) Argued June 11, 1890. Decided July 2, 1890.

Trespass. Defendant brings error. Reversed. The facts are stated in the opinion.

*M. H. Stanford*, for appellant, contended:

1. The general and correct method of construing reservations in a deed is to give them the force which the deed evidently meant they should have; citing *Hall v. Ionia*, 38 Mich. 498.

2. A grant must always be applied to its subject by regarding it from the standpoint of the parties, and in the light of the knowledge they had at the time; citing *Ives v. Kimball*, 1 Mich. 308; *Cooper v. Bigly*, 13 Id. 463; *Willey v. Snyder*, 34

Id. 60; *Hall v. Ionia*, 38 Id. 498; *Reidinger v. Mining Co.*, 39 Id. 32.

3. The grant of the principal thing carries with it all incidents; citing *Comstock v. Johnson*, 46 N. Y. 615; *Marvin v. Mining Co.*, 55 Id. 559; *Doyle v. Lord*, 64 Id. 432; Gould, Waters, § 29.

*George F. Hemingway,* for plaintiff.

CHAMPLIN, C. J.    Bradley brought an action of trespass against defendant before a justice of the peace.   The defendant interposed a plea of title, and the case was certified to the circuit court, where the plaintiff recovered a judgment.

December 21, 1869, the defendant corporation conveyed to Samuel Sias the land in question, together with other lands, which deed contained the following reservation:

" Excepting and reserving therefrom to the said party of the first part, its successors and assigns, forever, the right of using the Tittabawassee, Pine, and Chippewa rivers, through, along, and in front of said premises, and every part thereof, for booming and storing logs, timber, and other floatables, and of constructing and maintaining all booms and other erections necessary or convenient therefor; also excepting and reserving to said party of the first part, and its successors and assigns, forever, the free and unobstructed passage along the banks of said streams, and each of them, and across the said described lands, for the agents, servants, and employés of said party of the first part, its successors and assigns, with teams and men, in carrying on said business."

The plaintiff claims title and possession through the deed to Sias.   The trespass complained of consisted of removing from plaintiff's land, embraced in the above deed, certain saw-logs that had drifted and floated upon such land from the Tittabawassee river; that teams and men were employed in such work, whereby the soil was dug up and injured, the grass trodden down and destroyed, and the river bank broken and injured; that all this was done without the leave of plaintiff, against his will, and

without paying or tendering him any damages therefor. Defendant claimed the right to do what was alleged against it under the reservation contained in its deed, above quoted. If defendant had such right, no claim is made that it did not exercise it in a careful and considerate manner, at the proper time, and without doing any unnecessary damage.

Upon the trial the plaintiff proved the entering upon the land of plaintiff, the removal of the logs against his consent, and the damage caused thereby. The corporate existence of the defendant was admitted, and that it had existed and carried on the business of booming, running, and rafting logs on the Tittabawassee river, and other streams, under and by virtue of the laws of this State, for upwards of 20 years prior to the commencement of this suit. It was admitted upon the trial that defendant was ready and willing to remove the logs from the land as soon as practicable after they went there, and offered to do so, and was forbidden by the plaintiff to remove them without paying the damages claimed. It was further admitted—

"That the defendant has never conveyed or parted with its rights contained in said reserves and exceptions in said deed, unless barred from enforcing them by plaintiff's possession, such as is herein admitted; that defendant's business on December 21, 1869, and since its organization as aforesaid, now is, and ever since has been, that of running, rafting, booming, and sorting saw-logs on the Tittabawassee river and other streams in said Midland county and elsewhere, and business incident thereto, a very considerable portion of said business being the removal of saw-logs which have floated out of such streams upon its shores, and the land adjacent thereto, and returning them to the river for the purpose of running them to the place of destination; that it is the custom of said defendant, where it admits or believes that the owners of land are entitled to damages, to pay them before removing the logs. The defendant placed no logs

in the stream except to return them to the stream where they have floated out while in transit. It has the custody and control of them through contract with their owners for the purpose of running and delivering them to their owners at the places of destination."

If the defendant was protected in what it did in removing the logs by the reservation in its deed to Sias, then the statute, passed ten years later than the date of the deed, has no application to the case before us. The Legislature did not by Act No. 238, Laws of 1879, intend to interfere with vested rights.[1]

We must construe this deed in the light of the admissions contained in the record as to the business which the defendant has carried on for more than 20 years, and ever since its organization. A very considerable portion of its business consists in the removal of saw-logs which have floated out of such streams upon their shores adjacent thereto, and returning them to the river for the purpose of running them to their destination. Applying this reservation to these facts, it is evident that the intention of the parties to the Sias deed was that the company reserved the right, among other things, of entering upon, along, and across the premises conveyed, and with men and teams, to remove the saw-logs that had floated out of the river upon the adjacent land, for the purpose of running them to their destination. This was essential in carrying on its business; as much so as the right to use the river in front of the premises for booming logs, and as much so as constructing and maintaining booms necessary or convenient for its business. These rights, reserved in the first part of the reservation, carried with them, as incident thereto, the right to pass along the banks in running logs, and to attach the booms to the shore when necessary; and hence the last reservation must have been

---

[1]Amended by Act No. 142, Laws of 1885.

intended to apply to something different from the rights reserved in the former clauses, and that was to that considerable portion of its business of hauling back to the river logs which had floated in time of high water over the banks and lodged upon the adjacent lands.

The admission also contains the statement that—

" It is the custom of said defendant, where it admits or believes that the owners of land are entitled to damages, to pay them before removing the logs;"—

And counsel for plaintiff insists that this admission holds the company to the payment of damages before it removes the logs. But that custom only applies to cases where the company has no legal right to go upon the land to remove the logs without the owner's consent. It could not apply to cases where it had a right to go upon the land for that purpose, secured to it by contract or deed; and the fact that it did enter upon the plaintiff's land, and remove the logs, without his consent, and without paying damages, is evidence that it did not admit or believe plaintiff was entitled to any damages from it. This construction of the reservation disposes of the case.

The judgment must be reversed, and a new trial granted.

The other Justices concurred.